[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff whose maiden name was Ortiz, and the defendant intermarried on October 19, 1976 at New Haven, Connecticut.
The plaintiff in this proceeding, for at least twelve months next preceding the date of the filing of this complaint, had been a resident of this state.
There are three minor children born to the plaintiff wife, issue of this marriage:
Roxanne Marie Manna born February 5, 1978;
Joella Monique Manna born January 16, 1981;
Salvatore Joseph Manna born October 6, 1982.
No other children have been born to the wife and none have been adopted.
The plaintiff has been a recipient of state welfare assistance in the past and currently receives food stamps and medical help through Title 19.
The marriage has broken down irretrievably between October 19, 1976 and the date of this complaint. There is no hope of reconciliation.
The Court takes jurisdiction of this matter.
The Court finds that the defendant is an alcohol and substance abuser and has been chronically unemployed throughout the union, and is currently so situated.
The plaintiff testified that the defendant has physically abused her and on occasion has threatened to kill her.
The defendant is currently under a restraining order, dated February 14, 1992, that orders him to keep away from the plaintiff and the three children. The plaintiff is afraid of the defendant and requests that the restraining order be continued.
The Court grants her request and so orders.
The plaintiff has supported herself and the children with help from her parents and the defendant's parents and some input from the defendant. The plaintiff has worked with time off for childbirth throughout this marriage.
The defendant declared in open court that he does not want CT Page 2191 custody or visitation with the children.
The plaintiff has asked that the defendant be ordered to pay one-half of the 1990 and 1991 automobile taxes in the total sum of $584.54 and her delinquent utilities totaling $920 as lump sum alimony.
The plaintiff asks that defendant place medical coverage on the children till they reach eighteen years of age, if and when defendant becomes employed and medical insurance coverage is offered to him for his family.
This marriage merely perpetuates an untenable situation.
The Court has properly considered and weighed the application of all relevant statutory factors prior to deciding this case.
It is the judgment of the Court that:
A dissolution of marriage be granted on the grounds of an irretrievable breakdown of this marriage that shows no possible hope of reconciliation.
The plaintiff is to keep all of the personal property and pay all of her debts and counsel fees.
The plaintiff is granted sole custody of the three minor children.
The defendant is to have no rights of visitation as per his statement made in open court.
The defendant is ordered to pay to the plaintiff as one time lump sum alimony the sum of $1400. This money, requested by the plaintiff, is one-half of the personal property taxes for 1990 and 1991 and a portion of their unpaid utility bills.
The plaintiff has not asked for child support for the obvious reasons, the defendant's apparently continuous state of unemployment, and the possible problems he would cause were she to ask for support.
WILLIAM B. RAMSEY STATE TRIAL REFEREE